**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS WELFARE FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS DEFERRED SAVINGS )
FUND, TRUSTEES OF THE CHICAGO )
PAINTERS AND DECORATORS )
APPRENTICESHIP FUND, TRUSTEES OF )
THE CHICAGO PAINTERS AND )
DECORATORS SCHOLARSHIP FUND, )
TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS JOINT COOPERATION ) No. 26-cv-8287
TRUST FUND AND  TRUSTEES OF THE )
CHICAGO PAINTERS AND DECORATORS )
RETIREMENT SAVINGS FUND )
 )
                      Plaintiffs, )
    v. )
 )
DEMOS PAINTING & DECORATING, INC., )
an Illinois corporation, )
 )
                      Defendants. )

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION

FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND,

TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS

FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS

APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND

DECORATORS SCHOLARSHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND

DECORATORS JOINT COOPERATION TRUST FUND and TRUSTEES OF THE CHICAGO

PAINTERS AND DECORATORS RETIREMENT SAVINGS FUND, by their attorneys, Grant

R. Piechocinski, Paul M. Egan, James R. Anderson, Anita Saliu and ARNOLD AND KADJAN, LLP complain against Defendants **DEMOS PAINTING & DECORATING, INC.,** an Illinois corporation, as follows:

### Jurisdiction and Venue

1.      Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331. Jurisdiction is also founded on the Labor Management Relations Act, 29 U.S.C. Section 185, et seq, and federal common law.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.      The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, DEFERRED SAVINGS, APPRENTICESHIP, SCHOLARSHIP, JOINT COOPERATION TRUST FUNDS and RETIREMENT SAVINGS FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.      The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the

collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant **DEMOS PAINTING & DECORATING, INC., ("DEMOS")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about December 16, 2004 whereby **DEMOS** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. (A Copy of the Labor Agreement is attached hereto as "Exhibit A").

### The Agreements

7. Pursuant to the provisions of the Labor Agreements, **DEMOS** was required to make periodic contributions to the Funds for each employee employed during that month. In the event that contributions were not paid on a timely basis, the Trust Agreements provides that the employer must pay liquidated damages as follows: (1) ten percent (10%) of the delinquent contributions for the first month that contributions are late in a calendar year; and fifteen percent (15%) of the delinquent contributions for each successive month in the same calendar year.

8. Under the terms of the Labor Agreement and Trust Agreement to which it was bound, **DEMOS** was required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **DEMOS** was in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **DEMOS** to pay liquidated damages, interest, auditors' fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

## The Claims

9. Plaintiffs obtained an audit of **DEMOS**, which demonstrates that **DEMOS** has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all the contributions on the audit for the period of January 1, 2025 through April 30, 2026. Pursuant to those agreements, **DEMOS** also owes unpaid liquidated damages and audit costs through April 30, 2026.

10. Pursuant to the provisions of the Labor Agreement, the Trust Agreement, and 29 U.S.C. Section 1132(g)(2)(D), **DEMOS** is required to pay liquidated damages, auditor fees and attorneys' fees and court costs incurred by the Fund in the collection process.

11. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **DEMOS**

12. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

      (i)     interest on the unpaid contributions; or

      (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against Defendant for amounts owed on the audit for the period of January 1, 2025 through April 30, 2026, and for unpaid liquidated damages through April 30, 2026.

B. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated damages that are owed,

including those listed in paragraph 9 of the complaint, plus liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

     C.     This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: _/s/ Anita Saliu_____
       One of their Attorneys

PAUL M. EGAN
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ANITA SALIU
ARNOLD AND KADJAN, LLP
35 E. Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415